UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                              Case No. 24-cr-20562
                                      Hon. Brandy R. McMillion
                                      Magistrate David R. Grand

SHAWN PATRICK SMITH,

      Defendant.

_____/

**MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY RELEVANT**

**TO THE LAWYER'S  RULES OF PROFESSIONAL RESPONSIBILITY**

**AND BRIEF IN SUPPORT**

      NOW COMES Defendant, by and through his attorney,  Joseph Falcone, and

for his Motion in Limine states as follows:

      1.  This case involves an indictment brought against the Defendant for filing

false income tax returns under 26 USC 7206(1) for the years 2017 through 2020,

1

inclusive, and failing to file income tax returns under 26 USC 7203, for the years 2021 and 2022.

2.   The indictment claims that Defendant understated his gross receipts or sales in his law firm by approximately $200,000 per year for the years 2017 through 2020.

3.   During the investigation of Defendant, the Government subpoenaed Defendant asking for "Any and all records required to be maintained under Michigan Rule of Professional Conduct 1.15(b(; that is, records pertaining to funds or property in which a client or third person has or had an interest received in connection with a representation."  See Exhibit A, "Attachment to Grand Jury Subpoena."

4.   The Government has now filed a "Notice Regarding Expert Witness Testimony"  regarding an expert witness it wishes to present in their case.  This document was field on January 16, 2020, as ECF No. 18.

5.   Attached to the Notice Regarding Expert Witness Testimony was an attachment designated as "Anticipated Expert Witness Opinions."  This document is attached hereto as Exhibit B.

6. The Anticipated Expert Witness Opinions concern Michigan Rule of Professional Conduct 1.15, that require attorneys in Michigan to have trust accounts in which unearned attorney fees should be deposited.  In addition, the expert witness is proposed to testify how money should flow through such an attorney trust account and how retainer funds are not to be deposited into a lawyer's personal account of business operating account.

7.  Whether a lawyer deposits money received from a client into a trust account or a personal or business account would not affect whether the income is considered gross income under 26 USC 61 or whether the money is deemed to be held in trust under Michigan law.

8.  A jury in this case will not be asked to determine if Defendant violated the Rules of Professional Conduct.  It is anticipated that the jury will be asked to decide if Defendant intentionally failed to report a substantial amount gross income on his tax return.

9.  Testimony regarding whether Defendant violated the Rules of Professional Conduct by not properly handling client payments or settlement monies will confuse the jury and may cause the jury to convict Defendant for violating the Rules of Professional Conduct.

10.  This expert testimony should be excluded because it is not relevant. Even if it was relevant, it should not be allowed because it would cause danger of unfair prejudice to Defendant, confuse the issues, misleading the jury and wasting time. Further, the evidence should be excluded under F.R. Evid. 404(b), as prior bad acts evidence.

11.  Plaintiff has requested consent to this motion, but was denied that consent by the Government on January 17, 2025.

January 17, 2025

                              /s/ Joseph Falcone

                              Joseph Falcone (P25727)
                              Attorney for Defendant
                              Post Office Box 250
                              Hamburg, MI 48139
                              248-357-6610
                              jf@lawyer.com

**BRIEF**

<u>Introduction</u>

From the beginning of this case, the Government has been acting on some form of theory that the manner in which Defendant handled his lawyer's trust account affects the calculation of the gross income that should be reported on his tax returns. The Government has not explained this to Defendant and has caused uncertainty in the mind of Defendant and his counsel as to exactly what Defendant did wrong when he filed his tax returns.  While the Government claims that Defendant omitted about $200,000 of income per year, the Government  seems to have a theory that whether Defendant deposited the receipts in a trust account or his personal or business account would have an effect on whether the money was considered gross income under 26 USC 61.  This confused Defendant's counsel, as well as Defendant, and was one of the reasons why Defendant was advised not to file his 2023 income tax return until it could be determined how the Government was determined what constituted income.  Defendant was put into a "Catch 22" situation.  On one hand, he could file his tax return in the same manner that resulted in him being indicted, thus committing a crime, or on the other hand, he could not file his return because he was unable to determine how the income on the

return should be calculated. The Government claims that by not filing his return, Defendant  committed a crime (or at least, his counsel committed a crime by advising him not to file the return).  If his counsel would have advised him to file his tax return, and it was incorrect, (which it likely would have, had it been prepared in the same manner as previous returns), then the Government would have alleged that his counsel advised him to file a false return, which is also a crime.

**I. Whether Defendant deposited the funds received from a client or on behalf of a client into his trust account is irrelevant to determine whether the funds are considered income under 26 USC 61.**

In *Seven-Up Co. v. Commissioner*, 14 TC 965, 977-78 (1950), the  U.S. Tax Court held that when money is received from bottlers that is not intended to be used for services at that time, but for advertising, such money was not earnings to the Seven-Up company and not includable in its gross income. The Tax Court looked to "all the facts and circumstances surrounding the transaction" to determine the intent of the parties on whether the money was to be for services. The court considered the funds as a trust fund that was held for the bottlers by Seven-Up. The Tax Court cited the Supreme Court in *Commissioner v. Wilcox,* 327 U.S. 404 (1946), for the rule that "Not every benefit received by a taxpayer from his labor or investment necessarily renders him taxable. Nor is mere dominion over money or property decisive in all cases." *Id* at 407.

6

The *Wilcox* Court made it clear that "a taxable gain is conditioned upon (1) the presence of a claim of right to the alleged gain and (2) the absence of a definite, unconditional obligation to repay or return that which would otherwise constitute a gain." *Id*. at 408.  *Wilcox,* holding that embezzled money was not income, was eventually overruled by *James v. United States*, 366 U.S. 213 (1961), but, the Sixth Circuit held that it still must be determined whether money received was a loan. The Sixth Circuit Stated in *Scudder v. Commissioner*, 405 F.2d 222 (6th Cir. 1968):

> *James v. United States*, 366 U.S. 213 (1961), while holding that embezzled money is taxable income of the embezzler in the year of embezzlement, specifically excludes loans and situations where there has been recognized an implied obligation to repay. "

In *Cohen v. Commissioner*, 1965 TC Memo 136, the Tax Court held that when an attorney taxpayer was advanced fees and expenses for many different cases, he could recognize them as income when each case was closed.  It was irrelevant that the taxpayer comingled the advance fee payments with his own personal funds.  In *U.S. v. Heller*, 830 F.2d 150, 155(11th Cir. 1987). the Court made it clear that when there is confusion with respect to the tax laws, a taxpayer cannot be convicted. *James v. United States*, 366 U.S. 213 (1961) was interpreted as holding that the requisite element of intent for violating the tax laws could not be proved when the law was uncertain or cast in doubt by prior court decisions. *Heller*, 830 F.2d at 154-56.

7

The issue in this case is whether Defendant received money that were gross income. Money is not income until it is earned.  To earn money, the taxpayer must have an unrestricted right to the money.  *Bailey v. Commissioner*, 756 F.2d 44, at 46 (6 Cir. 1985).  A person's subjective belief  is not relevant to whether an item is actually income.  (This is not a situation where a taxpayer is trying to obtain a refund from a closed tax year for money he erroneously thought was income. See 26 USC 1341).

26 USC 451(a) provides that the amount of any item of gross income shall be included in the gross income for the taxable years in which it is received, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for in a different periods. Under Treasury Regulation 1.451-2(a), income is not received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. "Under the constructive-receipt doctrine, a taxpayer recognizes income when the taxpayer has an unqualified vested right to receive immediate payment" *Martin v. Commissioner*, 96 TC  814, 823 (1991). The doctrine of constructive receipt is essentially a question of fact.  *Avery v. Commissioner,* 292 U.S. 210, 215 (1934).  See also *Childs v. Commissioner* , 103 TC 634 (1994).

8

As a result, it is irrelevant if Defendant properly put fee or settlement money into his lawyer's trust account. Rather, the question should be whether Defendant received money that was "not subject to substantial limitations or restrictions." The Government cannot prove that by looking at what was deposited into Defendant's trust account. Depositing money into a lawyer's trust account does not make it income or not income. The law in the Sixth Circuit is that retainers paid to an attorney are not income until the work is done and are held in trust by the attorney for the client.   *In re Downs*, 103 F.3d  472 at 478 (6th Cir. 1996).

## II. The testimony of the expert would confuse the jury and cause unfair prejudice to Defendant and should be excluded under F.R. Evid. 404(b).

The issue of whether certain money received by an attorney is considered income is not a black and white issue.  Whether income is received is a question of fact, i.e., income received without substantial  limitations or restrictions. The cases cited in the above section of this brief show that income taxation is not cut and dried. A person can be given money under a written trust or an implied trust and it will not be income to that person.

The situation in this case is unlike the situation in *U.S. v. Miell*, 744 F.Supp.2d 904 (ND Iowa 2010).  In that case, a landlord was convicted of mail fraud because he took damage deposits from tenants and then fraudulently filed out damage forms and informing the tenants that they were not entitled to their rental

deposits back. In that situation, the government proved that the defendant took money from trust accounts improperly.

In the present case,  if the expert testimony is allowed, the jury will likely believe that the wrongdoing in this case was not the failure to report income, but the failure to properly follow the Bar Association's rules on depositing money into the lawyer's trust account.  Unlike the situation in *Miell*, Defendant in this case is not charged with stealing money from his clients. He is charged with failing to report income. It is not a crime charged in this case to not deposit retainer fees into a trust account. Regardless of whether fee money is deposited into a trust account or a personal account, a factual determination has to be made regarding whether that money qualifies as income under 26 USC 61.

The Internal Revenue Code does not define income. 26 USC 61 says "gross income means all income from whatever source derived."  So, "income" is "income."  That is admittedly not very helpful.

The regulations go into what is income a little more. Treas. Reg. 1.61-1 states that "Gross income includes income realized in any form, whether in money, property, or services. " The regulations go on to say that "gross income" means the total sales, less the cost of goods sold ... ."  Treas. Reg 1.61-3(a).  Once again, this does not explain when income is actually earned.

In the present case, it is beginning to look like the Government is claiming that Plaintiff received money and if he put the money directly into his personal bank account or business account, and not his trust account, then that money should be treated as "sales" or "income." This could be because the Government's view of how to calculate an attorney's income is not whether the Defendant had

10

earned the money or had an unrestricted right to the money, but whether or not he put the money into his trust account. This does not seem to be the law, but it does seem to be the Government's position on what the law is.

Assuming for the moment that money that is not yet earned by an attorney should be placed into a trust account.  That does not mean that all money received from clients or settlements that is put into a trust account is not income.  Nor does it mean that money not put into a trust account is income. Income has to be earned.

Retainers for work to be done in the future are not income. See, *In re Sheridan*, 215 B.R. 144 (N.D. Ill. 1966).   That case found that advance fees that have not been earned are not the property of the lawyer. *Id.,* at 146.  *In In re Doors and More, Inc.,* 127 B.R. 1001, 1002 n.2 (E.D. Mich. 1991), the court found that under Michigan Rules of Professional Conduct, there is no distinction between a security retainer and an advance payment retainer. A retainer for future services is unearned. *Id*. at 1003-4. The Sixth Circuit did make a definite statement on this issue:  "Retainers paid to counsel for the debtor are to be held in trust for the debtor ... ."  *In re Downs*, 103 F.3d  472 at 478 (6th Cir. 1996).  A retainer is a payment for work not yet done.

The jury will be confused if the Government tries to claim that all money not put into a trust account is automatically earned and not held in trust for a client.

In addition, the Government may be trying to claim that Defendant must have committed tax fraud because he violated the Rules of Professional Responsibility.  This evidence is not admissible under F.R. Evid. 404(b), as prior bad acts. The Jury will think that Defendant has a bad character because he may not have followed the Rules of Professional Responsibility. Whether the Defendant

11

did not report income is to be determined by Federal Tax Law, not the Michigan Rules of Professional Responsibility. Money has to be earned before it is income and the Government cannot try to take a shortcut by making whether someone put money into a trust account the determination of whether the money is income.


CONCLUSION


The motion should be granted and the proposed expert testimony excluded.


January 17, 2025


_____/s/ Joseph Falcone_____

Joseph Falcone (P25727)
Attorney for Defendant
Post Office Box 250
Hamburg, MI 48139
248-357-6610
jf@lawyer.com