UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                 Case No. 2:24-CR-20562
                                       Honorable Brandy R. McMillion

-v-

SHAWN PATRICK SMITH,

        Defendant,

_____/

## NOTICE OF INTENT TO INTRODUCE
## RULE 404(b) EVIDENCE AT TRIAL

COMES NOW the United States of America, by and through its undersigned attorneys, and hereby files its notice[1] of intent to introduce evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The following evidence will show the defendant's intent, plan, knowledge, and absence of mistake or lack of accident:

(1) The defendant failed to timely file federal income tax returns for himself for the tax years 1995 through 2016 and 2018 through 2020; and

---

[1] This notice is in keeping with recently promulgated Fed. R. Evid. 404(b)(3) which requires notice on the part of the government of the evidence it intends to offer at trial and the permitted purpose for which the government intends to offer the evidence.

1

(2)  The defendant failed to report a substantial portion of the gross receipts

from his law practice on his 2016 tax return.

## The Evidence is Admissible under Rule 404(b).

Rule 404(b) permits evidence of other acts to prove "motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake or lack of

accident."  Fed. R. Evid. 404(b)(1)-(2). When determining whether to admit "other

acts" evidence under Rule 404(b) in the Sixth Circuit, a court must consider: (1)

"whether there is sufficient evidence that the other act in question actually

occurred;" (2) "whether the evidence of the other act is probative of a material

issue other than character;" and (3) "whether the probative value of the evidence is

substantially outweighed by its potential prejudicial effect." United States v.

Emmons, 8 F.4th 454, 474 (6th Cir. 2021) (internal quotes omitted).

### A. There is Sufficient Evidence that the Other Acts Took Place.

As to the first prong of the Rule 404(b) analysis, the Supreme Court held

that "[i]n the Rule 404(b) context, similar act evidence is relevant only if the jury

can reasonably conclude that the act occurred and the defendant was the actor."

Huddleston v United States, 485 U.S. 681, 689 (1988).  In this case, the evidence is

easily sufficient to establish that the defendant failed to timely file several years of

federal individual income tax returns as shown in the following table.

| Tax Year | Due Date | Date Filed | Days Late |
|----------|----------|------------|-----------|
| 1995 | 8/15/1996 | 10/2/1996 | 48 |
| 1996 | 10/15/1997 | 9/21/1998 | 341 |
| 1997 | 10/15/1998 | 1/5/2000 | 447 |
| 1998 | 10/15/1999 | 2/21/2002 | 860 |
| 1999 | 8/15/2000 | 3/18/2003 | 945 |
| 2000 | 8/15/2001 | 4/9/2004 | 968 |
| 2001 | 8/15/2002 | 7/10/2006 | 1425 |
| 2002 | 8/15/2003 | 2/20/2007 | 1285 |
| 2003 | 4/15/2004 | 2/19/2007 | 1040 |
| 2004 | 10/15/2005 | 6/3/2008 | 962 |
| 2005 | 10/15/2006 | Never Filed | Never Filed |
| 2006 | 10/15/2007 | 8/26/2008 | 316 |
| 2007 | 10/15/2008 | 11/30/2010 | 776 |
| 2008 | 10/15/2009 | 2/15/2011 | 488 |
| 2009 | 10/15/2010 | Never Filed | Never Filed |
| 2010 | 10/15/2011 | Never Filed | Never Filed |
| 2011 | 4/15/2012 | Never Filed | Never Filed |
| 2012 | 4/15/2013 | Never Filed | Never Filed |
| 2013 | 4/15/2014 | Never Filed | Never Filed |
| 2014 | 4/15/2015 | Never Filed | Never Filed |
| 2015 | 10/15/2016 | 11/30/2017 | 411 |
| 2016 | 10/15/2017 | 11/30/2017 | 46 |
| 2017 | 10/15/2018 | 10/15/2018 | On Time |
| 2018 | 10/15/2019 | 7/18/2022 | 1007 |
| 2019 | 10/15/2020 | 7/18/2022 | 641 |
| 2020 | 10/15/2021 | 7/18/2022 | 276 |

The government will prove that the defendant failed to timely file the earlier

returns at issue by offering certified IRS records for the pertinent years. To

establish the false 2016 tax filing by the defendant, the government will offer the

pertinent return along with the testimony of the same IRS Revenue Agent who will

testify as to the charged returns.  The Revenue Agent will testify that she

determined the gross receipts for Smith's law firm for the year 2016 to be

approximately $1,115,850 using the bank deposits method of proof, but that Smith

reported only $870,008 of gross receipts on his tax return.  Thus, there will be

ample evidence to support a conclusion by the jury that the defendant failed to

timely file earlier tax returns and failed to report about $245,842 of gross receipts

for 2016.

### B. The Other Acts Evidence is Offered for A Proper Purpose

This Court should allow the evidence that, in the past, Smith failed to file

timely returns and failed to report a substantial amount of his gross receipts

because Rule 404(b) is "a rule of inclusion rather than exclusion," only prohibiting

the use of extrinsic evidence to prove character yet permitting its use for various

other purposes. United States v. Blankenship, 775 F.2d 735, 739 (6th Cir. 1985).

Evidence is admissible under Rule 404(b) to prove intent if, as here, specific

intent is a statutory element of the offense. See United States. v. Spikes, 158 F.3d

913, 930 (6th Cir. 1998.)  To convict the defendant on the tax charges in this case,

the government must show the specific intent of  "willfulness;" that is, proof

beyond a reasonable doubt that the defendant acted voluntarily and intentionally to violate a known legal duty.  Cheek v. United States, 498 U.S. 192, 201 (1991).

Indeed, tax offenses are "one of the few areas where the Supreme Court has held that ignorance of the law is a defense." United States v. Abboud, 438 F.3d 554, 581 (6th Cir. 2006). Therefore, the government should be allowed to introduce evidence pursuant to Rule 404(b) to prove that the defendant acted with the requisite state of mind. See United States v. Lattner, 385 F.3d 947, 957 (6th Cir. 2004).

The proposed evidence is very probative of the defendant's state of mind.  It tends to show that, when he failed to file tax returns and filed falsely as charged, he was doing so "voluntarily and intentionally." Cheek, 498 U.S. 201. Specifically, the noticed evidence regarding the defendant's history of failing to file tax returns shows that the charged failures to file were part of his plan, that he knew what he was doing, and that the failures did not result from mistake or accident. Likewise, the fact that the defendant filed a 2016 tax return that failed to report over $200,000 dollars in gross receipts tends to show that, when he filed falsely in the same way for 2017-2020, he knew what he was doing, and that filing was not due to mistake or accident on his part.

The case law in this circuit is replete with examples of courts admitting uncharged tax misconduct to prove the defendant's willfulness with respect to

charged tax crimes.  In <u>United States v. Harris</u>, the Sixth Circuit upheld the

admission of evidence of the defendant's failure to file tax returns in a tax fraud

case like this one. 200 F. App'x 472, 509 (6th Cir. 2006). In that case, the defense

unsuccessfully objected at trial to the admissibility of evidence that the defendant

failed to file returns for earlier years.  The Court of Appeals held that the district

court properly admitted the evidence because "the jury could reasonably infer that

such a sustained streak of non-filing and nonpayment by [the defendants] reflected

not a mistaken understanding of their duties under federal tax law, but an intent to

shirk those duties." <u>Id.</u> at 510. The jury in the case of defendant Smith should be

permitted the chance to reasonably infer likewise.

In the leading case of <u>United States v. Middleton</u>, the Sixth Circuit[2] declared

"[i]t is well-settled that previously filed tax returns or other proof of prior taxpayer

history is admissible, pursuant to Fed. R. Evid. 404(b), to establish a defendant's

knowledge of a legal duty to pay taxes." 246 F.3d 825, 836 (6th Cir. 2001).

Likewise, in <u>United States v. Popenas</u>, the Sixth Circuit held that prior year tax

returns were properly admitted under Rule 404(b) to show a pattern of under-

---

[2] Other circuits have likewise held that in a tax case "a defendant's past taxpaying record is admissible to prove willfulness circumstantially." <u>United States v. Bok</u>, 156 F.3d 157, 165 (2d Cir. 1998); <u>see also</u> <u>United States v. Daraio</u>, 445 F.3d 253, 264-65 (3d Cir. 2006) (holding that evidence of defendant's prior tax noncompliance spanning nearly 14 years "admissible and relevant to prove willfulness" in tax evasion prosecution); <u>United States v. Upton</u>, 799 F.2d 432, 433 (8th Cir. 1986) ("Evidence of Upton's questionable compliance with tax laws, both in the years prior to and subsequent to 1980-81, is probative of willfulness in the present context.").

reporting income from which the jury might properly find willfulness. 780 F.2d
545, 548 (6th Cir.1985).

Beyond its ordinary burden to prove willfulness, the government here must
also confront claims like inadvertence or mistake on the part of the defendant. The
government should be permitted evidence that refutes such defenses.  Such was the
case in United States v. Johnson, where the Sixth Circuit allowed proof under Rule
404(b) "where there is thrust upon the government, either by virtue of the defense
raised by the defendant or by virtue of the elements of the crime charged, the
affirmative duty to prove that the underlying prohibited act was done with a
specific criminal intent." 27 F.3d 1186, 1192 (6th Cir. 1994.) See also United
States v. Ausmus, 774 F.2d 722, 727–28 (6th Cir. 1985) (district court properly
admitted such evidence because it "demonstrates a pattern, plan, and scheme
indicating that [defendant's] failure to pay his taxes in 1978, 1979, and 1980 was
not the result of an accident, negligence, or inadvertence.")

Consistent with the cases in this circuit, evidence of the defendant's prior
non-compliance with tax laws in years outside the scope of the indictment is
probative of willfulness, which is "a material issue other than character" and thus
satisfies the second prong of the admissibility test. United States v. Barnes, 822
F.3d 914, 920 (6th Cir. 2016).  Therefore, evidence of the defendant's uncharged
failure to timely file tax returns from 1995 through 2016, and 2018 through 2020,

7

Case 2:24-cr-20562-BRM-DRG   ECF No. 26, PageID.148   Filed 01/26/25   Page 8 of 10

is admissible under Rule 404(b), as is the fact that the defendant did not report a

substantial portion of the gross receipts from his law practice for the tax year 2016.

### C. The Probative Value of the Other Acts Evidence is Not Substantially Outweighed by the Danger of Unfair Prejudice

The final step of the analysis requires the court to apply Rule 403 and

determine whether the probative value of the other acts evidence is substantially

outweighed by the danger of unfair prejudice. The court has "very broad"

discretion in determining whether the danger of undue prejudice outweighs the

probative value of the evidence. United States v. Vance, 871 F.2d 572, 576 (6th

Cir. 1989)(internal quote omitted.) While there will always be some potential

prejudice to the defendant that may result from admitting other acts evidence, the

question under Rule 403 is whether the possibility of unfair prejudice is so great

that it outweighs the evidence's probative value.

In this case, the other acts evidence has great probative value.  Such

evidence is probative of intent when it relates to conduct that is "substantially

similar and reasonably near in time to the offenses for which the defendant is being

tried." United States v. Blankenship, 775 F.2d 735, 739 (6th Cir. 1985).  Here the

uncharged conduct is not just "substantially similar" but identical to the charged

conduct. As for the "reasonably near in time" criterion, the evidence at issue

concerns tax misconduct in the years just preceding those charged.  See United

States v. Gordon, 493 Fed. Appx. 617 (6th Cir. 2012)(evidence that defendant

underreported income on returns for previous years properly admitted.)

While it is highly probative, the evidence is not unfairly prejudicial.  By

"volume" the evidence will constitute only a very modest portion of the

government's case in chief. Additionally, the other acts evidence the government

has proffered is no more prejudicial than the evidence at issue in other cases where

courts have admitted prior tax misconduct or false statements under Rule 404(b).

See United States v. Abboud, 438 F.3d 554, 582 (6th Cir. 2006) (testimony

regarding payroll tax fraud "was sufficiently succinct so as to minimize

prejudice.")

<div style="margin-left: 40%;">

Respectfully submitted,

David A. Hubbert
Deputy Assistant Attorney General
Department of Justice, Tax Division


By:   /s/ Kenneth C. Vert
      KENNETH C. VERT
      JEFFREY L. MCLELLAN
      Trial Attorneys
      U.S. Department of Justice, Tax Division
      P.O. Box 972
      Washington, DC 20044
      Telephone: (202) 305-9792
      Kenneth.C.Vert@usdoj.gov

</div>

Dated:  January 26, 2025

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2025, the foregoing was filed using the CM/ECF system which will notify counsel of record.

 /s/ Jeffrey A. McLellan
 JEFFREY A. MCLELLAN