UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>SHAWN PATRICK SMITH, )<br>)<br>Defendant. )<br>_____/ | Case No. 24-cr-20562<br>Hon. Brandy R. McMillion<br>Magistrate David R. Grand |

## **DEFENDANT'S MOTION TO ADJOURN TRIAL**

**NOW COMES** Defendant Shawn Patrick Smith, through his attorney Joseph Falcone, and for his motion to adjourn the trial, states as follows:

1. Defendant was indicted on six, tax-related counts on October 3, 2024

2. The trial is set for April 30, 2025.

3. There are questions of law that have to be decided by the, specifically with respect to the Government's experts.

4. The case concerns the Government's claim that Defendant did not report all the income he received.

1

5. Defendant is an attorney and enters into agreements with clients that provide for a fixed fee to complete the initial work then an hourly fee after the initial work is finished.

6. The Government claims that Defendant has the burden to give the Government information on the nonincome amounts that have been deposited into bank accounts. With almost all retainer agreement that take an initial fee, the funds given to an attorney like Defendant, before the initial fee is to be deemed taxable income, the Defendant would have had to perform his work as set forth in the fee agreement.

7. The Government, in using the bank deposit method, was responsible to investigate and determine the fees that Defendant actually earned, as opposed to collected.

8. The issue appears to be whether Defendant has the burden of proof in this case, as the Government expects him to prove his nonincome deposits, or the Government has the burden of proof and should have conducted a proper

investigation to make a proper calculation under the Bank Deposit method of determining income.

9. As a result, without the parties knowing ahead of time just what the law is surrounding the Bank Deposit method of determining income with respect to which party has to prove how much nonincome bank deposits were made, the jury may be given the wrong impression by the Government's experts.

10. The Court should adjourn the trial until the law of the Bank Deposit method can be determined

**WHEREFORE**, Defendant Shawn Patrick Smith prays this Honorable Court to adjourn the trial in this case until preliminary matters and motions can be decided.

*/s/Joseph Falcone*                                           March 20, 2025
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com

BRIEF

The Government should have investigated Defendant's receipt of funds that were not income. Instead, the Government simply added up the bank deposits of Defendant and called it income except for a few items. This was wrong. The Government should have used public records and other investigative techniques to determine, when Defendant received a retainer, what he had promised to do for that retainer and whether he had completed the work, thus earning the fee. On the other hand, if he was still working on the project covered by the retainer and was in danger of forfeiting the fee if he ceased work on the client's matter for some reason, then he had not yet earned his fee.

In addition, the Government wants to put an expert on to testify how lawyers' trust accounts work. The problem with this is that how an attorney keeps his trust accounts does not bear on how much money he or she should report each year as income. If an attorney does not have a trust account, for example, his or her income would still be the same as if the attorney had the trust account. Federal tax laws tax attorneys on money they actually earn, whether they receive the funds in their own pockets, bank accounts, trust accounts, or business accounts. State law

4

cannot override Federal law when it comes to taxes. *Morgan v. Commissioner*, 309 U.S. 78, 79 (1940).

All of this activity by the Government is just to cover up the fact that it did not do a proper Bank Deposits audit. It is important that the parties are on the same correct page regarding taxability of retainers. The trial should be adjourned until these matters are resolved.

CONCLUSION

The trial should be adjourned.

*/s/Joseph Falcone*             March 20, 2025
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com