## UNITED STATES OF DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 24-cr-20562 |
| | ) | Hon. Brandy R. McMillion |
| | ) | Magistrate David R. Grand |
| | ) | |
| SHAWN PATRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

_____/_____

## <u>DEFENDANT'S MOTION TO SEVER COUNTS FIVE AND SIX</u>

NOW COMES Defendant Shawn Patrick Smith, by and through his attorney, Joseph Falcone, and for his motion to sever counts five and six of the indictment, states as follows:

1. Defendant makes this motion pursuant to Rule 12(b)(1) and Rule 12(b)(3)(d) of the Federal Rules of Criminal Procedure.    Fed.R.Crim.P. 12(b)(1); 12(b)(3)(b)(d).

2. Joinder of the offenses is proper under Rule 8(a); however, a court retains discretion to "order separate trials of counts, sever the defendant's trials, or

1

provide any other relief that justice requires if the joinder of offenses appears to prejudice a defendant." Fed.R.Crim.P. 14(a).

3.  The original indictment filed on October 3, 2024, alleges four counts of Making a False Tax Return in violation of 26 USC §7206(1) and two counts of Willful Failure to File Returns for tax years 2021 and 2022, in violation of 26 USC §7203.

4.  For counts one through four of the indictment, the Government alleges that Defendant Shawn Patrick Smith underreported income for tax years 2017, 2018, 2019, and 2020.

5.  With regard to counts five and six, the Government alleges that Defendant Shawn Patrick Smith willfully failed to file his tax returns for tax years 2021 and 2022.

6.  The allegations, tax years, and allegations surrounding counts one through four are completely dissimilar to those pertaining to counts five and six.

7.  Defendant Shawn Patrick Smith will be prejudiced if this Honorable Court hears counts one through four with counts five and six.

8.  Counsel for the defendant has sought concurrence from Counsel for the Government.  That concurrence was *not* obtained.

WHEREFORE, for the reasons contained in this Motion and the attached Brief, Defendant Shawn Patrick Smith requests that this Honorable Court sever the

two counts of Willful Failure to File from the other charges against him due to the

prejudicial effect that joining these charges would have.


*/s/Joseph Falcone*                              March 21, 2025
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com

## UNITED STATES OF DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 24-cr-20562 |
| | ) | Hon. Brandy R. McMillion |
| | ) | Magistrate David R. Grand |
| | ) | |
| SHAWN PATRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | /_____ | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SEVER COUNTS FIVE AND SIX

# INTRODUCTION

This Honorable Court should grant Defendant Shawn Patrick Smith's Motion to Sever Charges because of the substantial risk of prejudice that combining the counts would have on the defendant. Counts one through four, and counts five and six, arise out of different tax years, completely different *mens rea* that have been alleged, and have no common nexus. For example, physical evidence that will be used in relation to counts one through four will be completely irrelevant to the other counts. Similarly, Government experts who are slated to testify to matters pertaining to counts one through four will have no relevant information to share regarding counts five and six. These examples, along with others that are easily anticipated, will likely result in the jury using one evidentiary offering to convict Defendant Shawn Patrick Smith of a completely unrelated count. Additionally, combining the unrelated charges would allow the jury to make unfair character determinations based on charges that are both different in nature and did not occur in the same transaction.

Further, Rule 404(b)(1) prohibits the admission of evidence of any other crime, wrong, or act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Thus, the admission of evidence with regard to counts one through four would not be admissible as evidence for counts five and six since such evidence

would demonstrate an alleged wrongful act, under reporting income, which would be prohibited as impermissible character evidence to prove someone willfully failed to file.

Second, counts one through four relate to charges of under reporting income where counts five and six pertain to willfully failing to file taxes.  There is virtually zero factual overlap of the counts.  In addition to the different tax years in each of the respective counts, the required *mens rea* for each set of counts is not only unrelated to the other, but *mens rea* could wrongfully be inferred on one set of counts based on evidence pertaining to the other set.   The defendant fully anticipates the jury to find that if there was a failure to file in years 2021 and 2022 it was due to innocent mistake (i.e. it was not "willful")  However, after days of hearing evidence that purports to show that the defendant intentionally did not report funds he was given on so-called "nonrefundable fees" had a complex scheme to manipulate business income in order to essentially steal from the American people (counts one through four), it is not difficult to see where a jury would impermissibly determine the defendant was unlikely to have made an innocent mistake (counts five and six).

Third, the inflammatory nature of the under reporting charges compared to the failure to file charges merits severance of charges.  The under reporting charges deal with allegations of a successful attorney's failure to report client fees. The

Government intends to try to use an expert in attorney trust accounts to make it look like he was stealing money from clients.  In short, the allegations for counts one through four essentially are attempting to be proved by the Government (over the opposition of the Defendant), by implying that Defendant stole money out of his trust account even before he earned the money and that somehow that money became income to Defendant by that action alone.  However, Defendant has not been charged with stealing money from his clients and there is no evidence that any client ever claimed that he did.

Finally, the likelihood for jury confusion is high because the jury is likely to weigh all of the evidence together and convict the defendant on one charge based on evidence of another charge.  Even worse, the jury could very likely convict the defendant on all charges based solely on conflating all the evidence together when it may have acquitted the defendant on all charges otherwise.

For all the reasons stated above, this Honorable Court should grant the defendant's motion to sever counts one through four from counts five and six due to the prejudicial effect that a joint trial would have on Defendant Shawn Patrick Smith.

## LEGAL BACKGROUND

The United States Constitution guarantees every criminal defendant the right to due process of law. U.S. Const. Amend. XIV, §1.  Implicit in this guarantee is

that each criminal defendant enjoys the right to a fair trial. Essential to the right of a fair trial is the notion that a jury should not harbor any bias or prejudice towards the defendant.

If this Court joins counts one through four with counts five and six, there is a substantial risk of prejudice to the defendant due to the different nature of the offenses, the likelihood of jury confusion, the different time frame that each offense occurred, the likelihood that the jury will weigh all the evidence together, and the burden of culpability required for each offense.

Even if joinder of offenses is proper under Rule 8(a), a court retains discretion to sever the defendant's trials, in order to separate trials of counts, or provide any other relief that justice requires if the joinder of offenses appears to prejudice a defendant Fed. R. Crim. P. 14(a).

In *Zafiro v. United States*, the Supreme Court ruled that district courts should grant motions to sever when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. Untied States*, 506 U.S. 534, 539 (1993).

In determining whether a defendant will be unduly prejudiced, a court considers several factors, including: (1) the factual overlap between counts; (2) the extent to which evidence of the joined crimes would be mutually admissible in

separate trials for each offense; (3) the extent to which evidence of guilt is overwhelming for each charge; (4) the inflammatory nature of each charge; and (5) the likelihood of jury confusion. *Id*. at 539-40.

## ARGUMENT

### I.  Factual Overlap of the Counts, Extent of Mutually Admissible Evidence

The factual overlap of the counts is non-existent. The specific allegations surrounding counts one through deal with underreporting income that has to be proved through an examination of the bank account records. The Government has at least two expert witnesses they currently propose to utilize in relation to this alleged scheme.  Counts five and six have no claim of underreporting income and do not involve bank records.   The allegation is that the defendant did not file his taxes and he failed to do so willfully.  Essentially, the two sets of counts have no common nexus with each other, thus there is no mutually admissible evidence that would incentivize a joinder of charges.

The possibility of prejudice is heightened when evidence of each charge would not be admissible in separate trials for each offense. Here, the evidence regarding either of categories of charges would be impermissible in a trial for the other category of charges. Under Rules 404(a)(1) and 404(b)(1), character

evidence is inadmissible if it is used for the purpose of proving a person's character on a particular occasion. Here, there is a high likelihood that the jury would infer character evidence and make unfair determinations about the defendant. Specifically, if the jury is able to hear the evidence against Defendant Shawn Patrick Smith on all charges, they are likely to infer that he has consistent tendencies to lie and cheat the Government.  It is unfathomable that a standalone trial involving an attorney who failed to file a tax return would include evidence that in years prior he or she failed to report income.   The only fact in common between counts one through four and counts five and six is that they both stem from the same US Title.  The most complex and wide ranging US Title of them all.

The purpose of joinder is "to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968) (quoting *Daley v. United States*, 231 F.2d 123, 124 (1st Cir. 1956)). Here, since the evidence would not be admissible in separate trials, the interests of judicial economy would not be furthered by joining the charges. Joinder of these charges would only create unfair prejudice to Defendant Shawn Patrick Smith, since the jury, after weighing all the evidence together, could infer that he is a liar who steals from his clients and steals from the American people, so

there's no doubt he willfully failed to file taxes in subsequent years.  In short, thieves typically don't make innocent mistakes.

The prosecution may argue that joinder of charges promotes efficiency and convenience as well as prevents court backlog. However, in this case judicial economy is outweighed by the great risk of prejudice to the defendant.

Thus, since there is essentially no factual overlap between the alleged under reporting of income and the alleged willful failure to file, and since the evidence would not be mutually admissible if separate trials were granted, this Court should sever counts one through four from counts five and six.

## II. Extent of Overwhelming Evidence

The risk of prejudice is also heightened since there is not strong evidence against Defendant Shawn Patrick Smith for each count. Each charge is contested and since it is difficult to evaluate the evidence against a defendant prior to trial, it is not plausible to say that the evidence against Defendant Shawn Patrick Smith is so compelling for each charge that a failure to sever would not be prejudicial.

## III. Inflammatory Nature of Each Charge

District courts have found that severance is appropriate in cases where one charge is much more inflammatory. See *United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999) (granting severance of possession of child pornography

charge from unauthorized access to government computer charge); *United States v. Stone*, 826 F. Supp. 173, 174 (W.D. Va. 1993) (granting severance of a murder for hire charge from an insurance fraud charge). In the present case, under reporting charge is significantly more inflammatory in nature than the willful failure to file charges. Counts five and six deal with willfulness and a failure to comply with a civil duty. The under reporting charge however deals with a scheme to defraud the government as well as, if the government has its way in the presentation of evidence, essentially stealing from clients. The Government is alleging that the defendant took advantage his clients who provided money to him to hold in trust. Although it is not the law that an attorney has income when an attorney takes money from a trust account or is paid directly an advance fee and does not put it into a trust account, the Government wants to confuse the jury and have them believe that whenever an attorney does not have money in a trust account, he is taxable on those funds. This is not true, since the attorney has to earn the money, regardless of whether the funds are in a trust account.

Thus, there is a significant risk that the jury will focus on the\ inflammatory nature of the under reporting charges, which will prevent the jury from weighing the evidence for each charge separately and fairly.

## IV. Likelihood of Jury Confusion

The likelihood of jury confusion is significantly high in the present case. Jurors are likely to weigh all of the evidence together and improperly assess the culpability for each count. Since tax law is a complex area of the law, jurors may not understand which evidence to weigh with regard to which charge they are deliberating.  Additionally, since the burden of culpability is different for the two categories of charges, jurors will be confused on how to weigh evidence accordingly. The *mens rea* necessary for counts five and six is willfulness while the *mens rea* necessary for counts one through four is essentially fraud which requires scienter. Thus, the jury is likely to confuse the standards and what evidence they should be assessing when meeting those standards.

Further, a jury instruction emphasizing the importance of considering each count independently will not suffice in this case because the jury will likely weigh all of the evidence together in assessing charges.

## **CONCLUSION**

After consideration of these factors, this Court should find that the Defendant will be unduly prejudiced thus making severance necessary.  Defendant Shawn Patrick Smith respectfully requests that this Court sever counts one through four from counts five and six on grounds of undue prejudice.

*/s/Joseph Falcone*
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com

March 13, 2025