**UNITED STATES OF DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 24-cr-20562 |
| | ) | Hon. Brandy R. McMillion |
| | ) | Magistrate David R. Grand |
| | ) | |
| SHAWN PATRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

_____/_____

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**
**RELATED TO UNRELATED TAX MATTERS AND  BRIEF IN SUPPORT**

**NOW COMES** Defendant Shawn Patrick Smith, by and through his attorney Joseph Falcone, and for his Motion in Limine to Exclude Government's Proposed Rule 404(b) Evidence at Trial, states:

1. On October 3, 2024, Plaintiff filed an indictment that alleged six criminal counts.

2. Counts one through four allege that the Defendant "failed to report hundreds of thousands of dollars of gross receipts that he earned from his law business." (ECF 1, ¶ 4) for tax years 2017, 2018, 2019, and 2020.

3. How the Government intends to prove its case is by claiming that the underreporting of income was directly tied to the defendant's misuse of the

1

associated Lawyers' Trust Accounts ("IOLTA").  This reference to the trust account is cited in the offered opinions of both proposed expert witnesses for the Government (ECF 18 and ECF 30).  Defendant has object to the Government presenting this theory.

4. Counts five and six of the instant case allege that the Defendant failed to file tax returns at all for tax years 2021 and 2022.

5. On January 26, 2025, the Government filed a notice in the instant case, asserting its intent to offer evidence under Rule 404(b). (ECF 26)

6. The proposed 404(b) evidence is comprised of twenty-five years of tax filings that were allegedly "never filed" or filed late.

7. The evidence the Government purposes to offer is neither related to the under reporting of taxes nor is the Defendant's actions with regard to his law office's trust account implicated in this proposed evidence.

8. The case law the Government cites for their premise that this evidence is permissible is not on point and easily distinguishable from the instant case.

9. Sixth Circuit case law that is more accurately on point supports the exclusion of this evidence.

10. Issues surrounding tax filings for years beyond found in the indictment would neither contain substantive value, nor would they be appropriate under Rule 404(b) due to the specific allegations the Government makes.

11. Consent for the relief prayed for in this motion was requested from the government, but not granted.

**WHEREFORE,** for the reasons aforementioned, this Motion in Limine to Exclude Evidence Related to Unrelated Tax Matters should be granted.

*/s/Joseph Falcone*                                    March 21, 2025
Joseph Falcone (P25727)
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com

## UNITED STATES OF DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 24-cr-20562 |
| | ) | Hon. Brandy R. McMillion |
| | ) | Magistrate David R. Grand |
| | ) | |
| SHAWN PATRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

_____/_____

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S PROPOSED RULE 404(b) EVIDENCE AT TRIAL

## <u>FACTUAL BACKGROUND</u>

Defendant Shawn Patrick Smith is a licensed attorney in the State of Michigan.  He is currently in good standing and a decorated member of the Michigan legal community where he has practiced law since 1994.  A majority of his work has been centered on high profile criminal defense matters.  On October 3, 2024, the Government filed an indictment charging the Defendant with six criminal counts.  Counts one through four alleged making false tax returns, under 26 USC 7206, for tax years 2017, 2018, 2019, and 2020.  The Government has made clear that it intends to prove these false return charges by claiming that Defendant wrongfully took money from his lawyer's trust account, ("IOLTA"). This was made clear by the proposed expert witness opinions the Government wishes to offer by Rhonda Pozehl (ECF 18) and Kelly Williams (ECF 30).  Counts five and six of the indictment involve allegations that the Defendant willfully failed to file tax returns for tax years 2021 and 2022, in violation of 26 USC 7203.

On January 26, 2025, the Government filed a Notice of Intent to Introduce Rule 404(b) Evidence at Trial.  (ECF 26)    The acts related to this proposed evidence consist exclusively to allegations that for twenty-five of the twenty-six years between 1995 and 2020, the Defendant filed his tax returns late or "never filed."  (ECF 26, PageID.143)  There are neither allegations that the Defendant

under reported in those 26 years, as alleged in counts one through four Despite a slew of conclusory statements, the Government fails to explain specifically how the alleged late or non-filing of twenty-five years of tax returns could possibly go to the state of mind of the Defendant as it pertains to the specific allegations related to the instant case.


## LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

The Federal Rules of Evidence ("FRE") provide that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence." (FRE 401)  Evidence that is not relevant is not admissible. (FRE 402)  However, some relevant evidence is also not admissible if its probative value is outweighed by, *inter alia*, unfair prejudice, confusing the issues, misleading the

jury. (FRE 403)   Additionally, "evidence of any other . . . wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." (FRE 404(b)(1)) However, prior acts may be used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (FRE 404(b)(2))  In criminal cases, the Government is required to provide notice of its plan to use "other acts" evidence under 404(b), as well as "articulate in the notice the permitted purpose for which (it) intends to offer the evidence and the reasoning that supports the purpose." (FRE 404(b)(3)(B))

In analyzing the balance between admissible "other acts" evidence and evidence that should be excluded, the Sixth Circuit's guidance is that:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative. *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001).

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004)

## **ARGUMENT**

The Government's proposed 404(b) evidence should be excluded, as it does not meet the criteria for evidence that survives the three-part analysis provided by the Sixth Circuit.  Specifically, the proposed 404(b) evidence is not admissible for a proper purpose under the Federal Rules of Evidence, and the prejudicial effect of the evidence would far outweigh what little, if any, probative value it may provide.

The Government states:

> Evidence is admissible under Rule 404(b) to prove intent if, as here, specific intent is a statutory element of the offense. See United States. v. Spikes, 158 F.3d 913, 930 (6th Cir. 1998.) To convict the defendant on the tax charges in this case, the government must show the specific intent of "willfulness;" that is, proof beyond a reasonable doubt that the defendant acted voluntarily and intentionally to violate a known legal duty. Cheek v. United States, 498 U.S. 192, 201 (1991).

ECF 26, PageID.144-45

However, in order to help prove willfulness, the 404(b) evidence must be similar to the specific acts being litigated.  This element is not met simply because two acts are found under the same title in the US Code.  Especially what is inarguably the most complex and complicated Title of them all, Title 26.  The similarity between the Government's proposed 404(b) evidence and their specific allegations related to the instant case are no more "similar" than someone

miscalculating the depreciation of a building and the same person filing a late tax return.   The similarity ends with the fact that they are tax-related, just as about 10,000 other acts are tax related.   The Sixth Circuit has made clear that being tax-related is simply not enough to be similar for the purposes of the 404(b) analysis.

This Honorable Court must find that allegedly late or "never" filing a tax return, as far removed as twenty-five years ago, cannot be evidence to show intent for underreporting income or  failing to file.   Admission of this evidence would be for the sole purpose of improperly attacking the Defendant's character in an attempt to show that his previous, unrelated "bad act" could lead one to believe that he intentionally committed the "bad acts" that are being litigated.   Basically, the Government wants to show that he is just a scofflaw and so he continued to be one in this case.

Finally,  admission  of  this  improper  404(b)  evidence  would  have  a prejudicial effect that  far outweighs what little, if any, probative value the proposed 404(b) evidence would provide the jury.  This is especially true when this Honorable Court takes into account the specific defendant, the specific moment of time the country finds itself, the nature of the proposed 404(b) evidence, and the specific allegations being litigated.

## I.   The Proposed 404(b) Evidence Fails the Sixth Circuit's Tripartite Test Standard of Review for "Other Acts" Evidence.

The Sixth Circuit has provided a three-part test for review of the admissibility of 404(b) evidence:

> Reviewing the admission of Rule 404(b) evidence involves a three-step analysis. *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir. 1992) (en banc). First, we review for clear error the district court's factual determination that sufficient evidence exists that the other acts occurred. *Id.* Second, we review de novo whether the district court correctly determined that the evidence was admissible for a legitimate purpose. *Id.* Third, we review for abuse of discretion the district court's determination that the "other acts" evidence is more probative than prejudicial under Rule 403. *Id.* at 1262.

*United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir. 1996)

The proposed 404(b) evidence in the instant case, at minimum, fails for parts two and three of the Sixth Circuit's test and therefore must be excluded.

### a.  Defendant defers argument on whether the Alleged 404(b) acts occurred

The Court must first determine whether there is sufficient evidence to show Defendant committed the other acts. The Supreme Court has held the government

is not required to demonstrate the other acts occurred by a preponderance of evidence. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* In the present case, it is unlikely that the IRS would have allowed Defendant not to file tax returns for several years in a row. The IRS claims that Defendant did not file for 2004, 2009, 2010, 2011, 2013 and 2014. It is more likely that the IRS misplaced the Defendant's tax return or he was not required to file.  The government has some explaining to do regarding its claim that someone could simply not file for years. It is just not believable. It is only evidence of the Government's bad bookkeeping.

**b. There is no legitimate purpose to introduce this evidence under 404(b).**

In analyzing the probative value of 404(b) evidence, the Sixth Circuit has explained that it is required that a court "look to whether the evidence relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue."  *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002) (quoting *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1985). The evidence that is being proposed by the Government is not temporally related to the matters that will before the jury.  More importantly, the evidence is not substantially similar.

       i.   *Most of the offered "other acts" instances are too temporally distant to have a legitimate purpose*

There is no bright line rule with regard to the requirement that 404(b) evidence be "reasonably near in time" as the Sixth Circuit has held that "the rule is that the prior conduct must be reasonably near in time under the facts of the particular case. . . (but) there is no absolute maximum number of years that may separate a prior act and the offense charged. *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (internal citations omitted).  Despite this lack of a bright line rule, it is clear that temporally unrelated "other acts" require an increased level of scrutiny, if not deemed inadmissible altogether.

The Government may argue that there are instances where the courts have found even temporally remote "other acts" as sufficiently probative.  For example, in 2001, the Sixth Circuit affirmed a trial court's decision to allow decades-old tax filings to be presented as "other acts" evidence.  However, in that rare case the court held that a defendant's *filing* of taxes in previous years, even if temporally distant, was relevant to rebut a defendant's assertion that he believed, in good-faith, that he *did not have to file*.  The Court held:

> We believe that Middleton's 1976 tax return was probative of Middleton's awareness of "the contents of the personal income tax return forms and accompanying instructions" that made plain his legal obligation to file returns in the instant case, and was central to the jury's determination of whether Middleton's good-faith belief claim excused his nonpayment. The jury was entitled to infer that if Middleton recognized that he had a legal obligation to file a tax return more than twenty years prior to trial, then he might reasonably have known of his obligation to file returns during the years at issue in this case.

*United States v. Middleton*, 246 F.3d 825, 836 (6th Cir. 2001)

Unlike in Middleton, the proposed 404(b) evidence in the instant case would provide no such rebuttal to a good-faith defense.  First, counts one through four deal with under reporting income.  Proposed 404(b) evidence that the Defendant failed to file in 2004 and 2009 through 2014, when he had filed in the interim, has no bearing on his intent to under report or unlawfully realize funds held in trust. Counts five and six facially appear to be similar to the "other acts" evidence being proposed in that the allegation is the Defendant did not file.  The fact that he did not file in the past serves no other purpose other to show that he likely repeated his bad acts.  The other counts in this case show that the Defendant had filed returns. There is no need to bring in 20 year instances of non-filing.

However, it is doubtful that he did not file for all those years.  There is no evidence that his alleged failure to file in the past was somehow related to his alleged non-filing for 2021 and 2022.  What does the 20 year old nonfiling show? The same goes for filing late over 25 years. What does that show in this case, other

than, "here he goes again."   It is impossible that the offered 404(b) evidence consisting of tax returns filed since 1995 could ever be probative of intent for counts five or six either.

      ii. _The proposed 404(b) evidence is so dissimilar from the specific alleged acts the Defendant is accused of in the instant case that it could only be used for prohibited propensity purposes._

Even more important than the temporal relationship that must exist between the "other acts" evidence and the alleged act being litigated at trial is the level of similarity between the two acts.  The Sixth Circuit explains, "When an act and a charged offense are so dissimilar that the act has no logical tendency to prove the intent element of the charged offense, no degree of temporal proximity will infuse the act with probative value. _United States v. Bakke_, 942 F.2d 977, 983 (6th Cir. 1991)   This is perhaps the most important facet of the analysis before this Honorable Court.   It is not simply enough to say a person had alleged tax violations in the past and, therefore, there is a basis to show they intended these alleged tax violations.  Rather, the focus should be on what was allegedly going on in the Defendant's mind with regard to intent in the specific allegations being litigated at trial, and how the "other acts" evidence is so similar that intent in the current case can be inferred from the defendant's prior experience with the "other acts" evidence being offered.

The Government relies on the Sixth Circuit's holding in *United States v. Lattner* to argue "the government should be allowed to introduce evidence pursuant to 404(b) to prove that a defendant acted with the requisite state of mind." (ECF 26, PageID.145)  While it is clear that 404(b) evidence is useful in cases such as *Lattner*, where the evidence that the Defendant was previously arrested "heroin packets . . . which were stamped 'World Domination.'" help prove motive in a case where the same stamp was found on similar bags of heroin in possession of the same defendant two years later. *see United States v. Lattner*, 385 F.3d 947, 950-51 (6th Cir. 2004)  However, does 404(b) evidence need to be *that* specific?  Of course not.

The Government accurately states that "the case law in this circuit is replete with examples of courts admitting uncharged tax misconduct to prove the defendant's willfulness with respect to charged tax crimes." (ECF 26, Page Id.145-46)  Fortunately, that very case law helps provide the proper guidance.

First, the Government argues that:

In *United States v. Harris*, the Sixth Circuit upheld the admission of evidence of the defendant's failure to file tax returns in a tax fraud case like this one. 200 F. App'x 472, 509 (6th Cir. 2006). In that case, the defense unsuccessfully objected at trial to the admissibility of evidence that the defendant failed to file returns for earlier years.

*ECF 26, PageID.146*

The Government goes on to cite two other cases, *United States v. Popenas*, 780 F.2d 545, 548 (6th Cir. 1985) and *United States v. Ausmus*, 774 F.2d 722, 727-8 (6th cir. 1985). (ECF 26, PageID. 145-46).  Quizzically, the Government leaves out the particular similarities between the material act that the Government needed to prove at trial and the act found in the offered 404(b) evidence found in all of these cases.  Similarities that are conspicuously absent from the instant case.  As the *Harris* Court held:

> Accordingly, evidence that Harris failed to file returns for himself or his companies   other, earlier years was admissible as "proof of motive, . . . intent, preparation, plan, knowledge, [and] . . . absence of mistake or accident." FED. R. EVID. 404(b). . . Cf. United States v. Popenas, 780 F.2d 545, 548 (6th Cir. 1985)(in prosecution for **tax evasion**, it was not an abuse of discretion to admit returns from seven prior years, because they arguably showed a pattern of **underreporting income**, from which the jury might reasonably infer that the charged evasion was willful); United States v. Ausmus, 774 F.2d 722, 727-28 (6th Cir. 1985)(in **prosecution for willfully failing to pay taxes**, it was not an abuse of discretion to **admit evidence that he failed to pay taxes** for years before and after the years charged in the indictment, to show a pattern, plan, or scheme and dispel the notion that the charged nonpayment was due to negligence or inadvertence).

*United States v. Harris*, 200 F. App'x 472, 509-10 (6th Cir. 2006) (emphasis added)

The similarities in all of the cases the Sixth Circuit cites is not difficult to spot.  In *Harris*, both the 404(b) evidence and the allegations at trial consisted of not filing taxes.  In *Popenas*, the Court allowed evidence of seven years of under reporting in a case where "the only question at trial was whether Popenas' failure to

report substantial amounts of income . . . was willful." *United States v. Popenas*, 780 F.2d 545, 546 (6th Cir. 1985)  In *Ausmus*, the court held that "the defendant's failure to pay taxes, both prior to and following the years in question, demonstrates a pattern, plan, and scheme indicating that his failure to pay his taxes in 1978, 1979, and 1980 was not the result of an accident, negligence, or inadvertence. *United States v. Ausmus*, 774 F.2d 722, 728 (6th Cir. 1985) *These* are the similarities that make up the showing of a "pattern, plan, or scheme and dispel the notion that the charged (act) was due to negligence or inadvertence" that the Sixth Circuit references.  Nowhere, in any case cited by the Government, does the material act needing to be proven at trial consist of one alleged tax violation and the proposed 404(b) evidence consist *entirely* of a completely different uncharged alleged tax crime as is the case here.

In 2019, the Sixth Circuit took the analysis of the similarity requirement of 404(b) evidence head on.  In *United States v. Snyder*, 789 F. App'x 501, 504 (6th Cir. 2019), the defendant was the majority owner and co-founder of a business. The defendant in that case was alleged to have mishandled money from trust accounts that contained various employee withholdings and embezzling that money to pay "salaries, health-insurance premiums, and corporate credit cards (used for both employees' travel expenses and some of his own personal expenses). *Id*. at 504  In *Snyder*, the Government attempted to introduce evidence regarding

the defendant's failure to pay taxes in previous years under Rule 404(b).  The Court

recognized that:

> Under Rule 404(b), prior bad acts are inadmissible if they "are too
> unrelated" to the charged conduct or "too far apart in time to be
> probative of" the defendant's specific intent. *United States v. Clay*,
> 667 F.3d 689, 696 (6th Cir. 2012). Likewise, dissimilar or long-ago
> bad acts are usually inadmissible under Rule 403, because they have
> "a powerful impact on a juror's mind" despite their "slim probative
> value." *Ibid.* There is "too much of a risk that the jury will generalize
> from prior examples of bad character." *Id.* at 697.   Applying these
> principles, this court has often held that evidence of uncharged tax
> crimes is admissible to prove willfulness in tax-evasion cases. But in
> these cases, the charged and uncharged conduct were quite similar.

*United States v. Snyder*, 789 F. App'x 501, 506 (6th Cir. 2019)

The Court goes on to chart specific examples which show an exact

connection between the 404(b) evidence and the conduct that was being alleged at

the respective trials.  In fact, the sole case the Court references where the 404(b)

evidence and the alleged conduct being litigated at trial did not match was *Jerkins*,

where, *just as in the instant case*, the proposed 404(b) evidence dealt with failing

to file, but the matter being litigated was under reporting.  The *Snyder* Court

qualified their decision in *Jerkins* by explaining "while the Rule 404(b) evidence

in *Jerkins* was *not especially similar to the charged conduct*, the only references to

that evidence came in passing, when the defendant's accountants testified that they

began working for him in preparing his delinquent returns for the missing years.

*Snyder* at 506 (internal quotations omitted) (emphasis added)  The Sixth Circuit

sums up their analysis by deciding:

> (The 404(b) evidence) served only to show that Snyder is the kind of
> person who cheats on his taxes. This propensity inference—"the
> defendant is a bad person . . . if he did it before he probably did it
> again"—is precisely the one Rule 404 forbids. *Johnson*, 27 F.3d at
> 1193 (cleaned up). For the same reason, the evidence about Snyder's
> personal income taxes was also inadmissible under Rule 403. It "was
> of slim probative value," and "the unfair prejudicial impact of the
> evidence was high." *Clay*, 667 F.3d at 696-97. Thus, the district court
> abused its discretion by admitting Pizzola's testimony about Snyder's
> personal income taxes.

*Snyder* at 507

It is worth noting that just as in *Snyder*, the acts in the instant case deal with

allegations that the Defendant misused funds related to his business that were held

in a trust account.  In *Snyder*, it was employee withholdings, and in the instant case

it is the IOLTA account.  The Government may argue that there are dissimilarities

between *Snyder* and the instant case as to the types of businesses involved.  As if

the determining factor on whether evidence is prejudicial, otherwise detrimental to

justice, or is excluded by the Federal Rules of Evidence is that the IRS categorizes

one entity as a flow through business and another as a Corporation.  That argument

would be particularly self-aggrandizing, even for the IRS.  How the IRS classifies

a business is irrelevant to the purpose behind Rule 404(b).  What is important is

that the specific intent required in an alleged scheme involving the misuse of

business funds being held in trust for others cannot be proven by a person's filing, failure to file, or filing late of their personal taxes.

The Government has laid out very specific allegations in the instant case. Counts one through four involve failing to report all income. Counts five and six involve allegations that the tax returns were never filed. The 404(b) evidence the Government wishes to offer consists wholly of alleged late or "never" filed taxes that occurred over 25 years. It is unlikely that the Defendant failed to file taxes that regularly in the past. The late or "never" filing of taxes in previous years not only lacks any merit in proving intent or motive in the instant case, it is entirely irrelevant.

### c. What little probative value the offered evidence has, if any, is far outweighed by the prejudicial effect it will have on the Defendant.

The risk of unfair prejudice, referenced in Federal Rules of Evidence 403, is fleshed out in the corresponding head notes which state, "Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." (FRE 403, Notes of Advisory Committee on Proposed Rules (Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1932; Apr. 26, 2011, eff. Dec. 1, 2011.) That risk of an emotional decision by a jury makes consideration of all societal facts imperative to this Honorable Court's analysis.

First, the Defendant's profession is one that many in society find inherently untrustworthy.  In a recent Gallup Poll that ranked the trustworthiness of dozens of professions, attorneys ranked among the lowest in the minds of both Republicans and Democrats.  It seems there is still bipartisan agreement on some topics.  In fact, attorneys ranked near the bottom of the list with trustworthiness ratings similar to politicians and journalists.  Rare company indeed.  Combine this statistic with the fact that the Defendant specializes in Criminal Defense and has been widely publicized for representing some high profile defendants, including those charged with murder.

Certainly, criminal defense attorneys do not simply get to be shielded from 404(b) evidence during as a matter of law.  However, this Honorable Court must take that very real risk of prejudice and weight it against what little probative value the proposed 404(b) evidence would provide, if any.  The temporal and similarity concerns, argued *supra*, make the probative value sparse at best with regard to showing the Defendant's intent to the alleged schemes to be offered at trial.  The prejudicial risk is undeniable.

Finally, this evidence will also run the risk of confusing the issues.  It is important to recognize that the proposed 404(b) evidence deals with *uncharged* alleged tax violations.  There is a serious risk that jurors will choose to convict on the instant case as a means to punish the Defendant for twenty-five years of alleged

tax violations.  There is certainly a real risk that one or more jurors who are on the fence during deliberations could reason that even if they wrongfully convict the Defendant in the instant case he would still be getting off easy, as he was never charged for the other twenty-five years.  Again, while not in itself dispositive of the decision this Honorable Court must make, these issues raise the risk of prejudice with regard to this specific defendant, in this specific moment in time, with the specific "other acts" evidence being proposed.  This Honorable Court must take that increased risk and pit it against what little probative value the proposed 404(b) evidence may provide, if any.

## II.  Any Evidence or References to Failure to File or Filing Late in Years Subsequent to those Charged in the Indictment Are Impermissible Under 404(b) and Under Rule 401.

The Government, through filings that are sealed in the instant case, makes specific allegations as to the late filing and/or non-filing of taxes for years subsequent to the years charged in the indictment.  While subsequent acts may be used, most often to show motive and intent, the introduction of that evidence would be inappropriate in the instant case.

Although the Sixth Circuit has held that "rarely will an event that occurred subsequent to the charged crime be probative of motive, knowledge, or intent . . ." *United States v. Cowart*, 90 F.3d 154, 158 (6th Cir. 1996), the Court has

distinguished that "where intent is admissible for a legitimate purpose under Rule 404(b) . . . we have upheld the admission of subsequent acts as other acts evidence under Rule 404(b)." *United States v. Alford*, No. 97-3977, 1999 U.S. App. LEXIS 11864, at *9 (6th Cir. June 3, 1999)  In short, the subsequent act cannot be used as propensity evidence to show the Defendant committed the first crime, but may be used if it can help show intent.

The Government has indeed charged the Defendant, inter alia, with Failing to File tax returns  under counts five and six.  They have also alleged he subsequently failed to file tax returns.  However, the Government has made clear, through sealed filings, that their theory is that the Defendant failed to file taxes in years subsequent to those charged at the advice of legal counsel.  That is not the allegation in any of the counts of the indictment.  Therefore, there is no value the subsequent acts could provide in proving intent.  For the same reasons, the subsequent acts should be excluded under Rule 401, as they are not relevant to what the Government needs to prove at trial.

## CONCLUSION

For the aforementioned reasons this Motion should be granted.

*/s/Joseph Falcone*                                      March 21, 2025
Joseph Falcone (P25727)
Attorney for Defendant
Post Office Box 250
Hamburg, MI 49139
248 357 6610
jf@lawyer.com